UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    NOT FOR PUBLICATION
In re                                                        :
                                                             :
ANDREW VELEZ CONSTRUCTION, INC.                              :    Chapter 11
                                                             :    Case No. 06-12765 (MG)
                                     Debtor.                 :
                                                             :
------------------------------------------------------------x
                                                             :
ANDREW VELEZ CONSTRUCTION, INC.                              :    Adv. Pro. 07-01706
                                                             :
                                     Plaintiff,              :
                                                             :
            - against -                                      :
                                                             :
CONSOLIDATED EDISON COMPANY OF                               :
NEW YORK, IINC. AND THE SWITZER                              :
GROUP, INC.,                                                 :
                                                             :
                                     Defendants              :
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS**

**A P P E A R A N C E S:**

MILBANK, TWEED, HADLEY & MCCLOY, LLP
1 Chase Manhattan Plaza
New York, New York 10005
By: Matthew S. Bar
By: Lena Mandel

AKERMAN SENTERFITT WICKWIRE GAVIN
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182-2683
By: Jeffrey G. Gilmore
By: Owen J. Shean

*Co-Counsel for Defendant Consolidated Edison Company of New York, Inc.*

ARENT FOX LLP
1675 Broadway
New York, New York 10019
By: David J. Pfeffer

ORTIZ & ORTIZ, LLP
127 Livingston Street
Brookly, New York 11201
By: Norma E. Ortiz

*Co-Counsel for Plaintiff Andrew Velez Construction, Inc.*

**MARTIN GLENN**
**United States Bankruptcy Judge**

## BACKGROUND

Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") moved to dismiss the defamation count of the amended adversary complaint ("Amended Complaint") filed by the debtor, Andrew Velez Construction, Inc. ("Debtor" or "Velez"). Velez was the general contractor on a major construction project for Con Edison in Brooklyn, New York (the "Project"). The Project experienced delays and substantial cost overruns, as well as changes in the scope of the work. Each side asserts that the other committed prepetition defaults under the contract. On December 8, 2006, Con Edison moved to accelerate the Debtor's time to assume or reject the executory construction contract. After an initial hearing on the motion, and before a scheduled evidentiary hearing, Con Edison and Velez resolved the matter with Velez rejecting the contract on January 31, 2007. (Case No. 06-12765, ECF # 18.) On May 16, 2007, Velez filed a complaint naming Con Edison and The Switzer Group, Inc. ("Switzer") as defendants (Adv. Pro. 07-01706, ECF No. 1). As Switzer, the Project architect, has answered the complaint, only Con Edison's motion to dismiss the Amended Complaint remains for the Court to consider. On August 14, 2007, the Court issued an opinion granting in part and denying in part Con Edison's motion to dismiss certain counts of the original complaint.

2

(Adv. No. 07-01706, ECF # 28.) The Court dismissed Counts V, VI, and VII, IX, and XI in their entirety (as well as Counts I, III, IV and V, to the extent they sought an award of monetary damages; and Count I to the extent it asserted a fraudulent conveyance claim under Bankruptcy Code § 548(a)(1)(A)), without leave to amend. Counts II and X (for turnover under Bankruptcy Code § 542 and defamation, respectively) were dismissed with leave to amend. The Court also denied dismissal of the request for declaratory relief under Count I, and denied dismissal of Counts XV and XVI for quantum meruit and unjust enrichment, respectively. After Velez amended the complaint (ECF # 31), Con Edison again moved to dismiss the defamation count, now appearing as Count V in the Amended Complaint. (ECF # 35.) For the reasons provided below, the motion to dismiss is granted in part and denied in part.

## DISCUSSION

### A. Standards Governing a Motion to Dismiss

Con Edison's motion to dismiss is based on Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), "a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial." *In re Bayou Group, LLC*, 362 B.R. 624, 632 (Bankr. S.D.N.Y. 2007). A court "must accept all factual allegations as true, even if the allegations are doubtful in fact." *Buena Vista Home Entm't, Inc. v. Wachovia Bank* (*In re Musicland Holding Corp.*)*,* 374 B.R. 113, 119 (Bankr. S.D.N.Y. 2007) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007), and *Bell Atlantic Corp v. Twombly,* 127 S. Ct. 1955, 1965 (2007)). However, "a plaintiff has an obligation to

3

provide 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly,* 127 S. Ct. at 1965 (further noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "Instead, the plaintiff must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *In re Musicland Holding Corp.,* 374 B.R. at 119 (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)) (emphasis in original). A court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." *In re Bayou Group, LLC*, 362 B.R. at 632. "This is not to say, however, that every statement in a complaint must be accepted as true." *Id.*

### B. Count V − Defamation

Under New York law, a prima facie case of slander requires (1) a defamatory statement of fact; (2) that is false; (3) published to a third party; (4) "of and concerning" the plaintiff; (5) made with the applicable level of fault on the part of the speaker; (6) either causing special harm or constituting slander per se; and (7) not protected by privilege. *Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001). In order to satisfactorily plead defamation, the complaint requires "an adequate identification of the purported communication, and an indication of who made the communication, when it was made and to whom it was communicated." *NAS Elecs., Inc. v. Transtech Elecs.*, 262 F. Supp.2d 134, 149 (S.D.N.Y. 2003). The communication must also be defamatory in nature, and the decision as to whether a particular statement is susceptible of a defamatory connotation "is a threshold legal determination to be made by the court." *Id.*

4

Unless a statement is defamatory *per se*, a plaintiff must plead special damages. *See Tufano v. Schwartz*, 464 N.Y.S.2d 211, 212 (App. Div. 1983). As relevant to the facts in this matter, a statement is defamatory *per se* if it impugns the basic integrity or credit worthiness of the plaintiff. *See Cambridge Assocs. v. Inland Vale Farm Co.*, 497 N.Y.S.2d 684, 685 (App. Div. 1986) (holding a claim was properly dismissed where the plaintiff had to rely on libel per se, as statements failed to impugn the integrity or credit worthiness of plaintiff's business); *see also November v. Time, Inc.* 13 N.Y.2d 175, 179-80 (1963) (holding that a written statement is libelous per se if the words tend to injure the plaintiff in his professional capacity by describing unethical professional conduct). Language that merely disparages a product or service of a business is not defamation *per se*. *American Benefits Corp. v. Administrative Consultants, Inc.*, No. 87 Civ. 1797, 1989 WL 129495, *11 (S.D.N.Y. Oct. 26, 1989). An assertion that a defendant is withholding money would not constitute defamation *per se* absent additional facts connecting this act to an injury to trade or occupation. *Newsday v. C.L. Peck Contractor*, 87 A.D.2d 326, 327 (N.Y. App. Div. 1982) ("It is clear that they could not be slanderous per se in that a reference to extrinsic facts is needed even to understand the nature of the allegations.")

A failure to allege defamation *per se* would defeat a defamation count unless there was an economic or pecuniary loss related to the alleged defamatory statements to demonstrate special damages. *Liberman v. Gelstein*, 80 N.Y.2d 429, 434-35 (1992); *King v. Tanner*, 539 N.Y.S.2d 617, 620 (Sup. Ct. 1989) ("The primary procedural distinction between *per se* and *per quod* is that special damages ('special harm') need *not* be alleged in the former, however, is necessary in the latter."). Special damages must be pled with particularity; it is not sufficient merely to aver general damages to the plaintiff's business.

5

*L.W.C. Agency, Inc. v. St. Paul Fire & Marine Ins. Co.*, 509 N.Y.S.2d 97 (App. Div. 1986).

Defendant Con Edison moves to dismiss Count V of the Amended Complaint because, according to Con Edison, Count V fails to make any allegations that would constitute defamation *per se*, and Velez fails to plead any special damages that may otherwise help to support a valid defamation claim against Con Edison. As in the original complaint, Velez does not allege special damages with particularity, instead only generally averring that "as a consequence of Con Edison's defamatory statements, Velez has incurred and will continue to sustain damages." (Am. Compl. ¶ 77.) *See, e.g., L.W.C. Agency, Inc.*, 509 N.Y.S.2d at 97 (allegations that statements contained falsehoods and that plaintiff lost future commissions as a result lacked the requisite specificity to adequately allege special damages). The Court agrees that Velez's defamation allegations cannot survive unless the allegations in the Amended Complaint are reasonably susceptible to a construction that would tend to impugn Velez's professional integrity or credit worthiness. *See Kelly v. Shmidberger*, 806 F.2d 44, 46 (2d Cir. 1986) ("On a motion to dismiss or for summary judgment, the issue is not whether the court regards the language as libelous, but whether it is reasonably susceptible of such a construction.").

The Amended Complaint contains four paragraphs that lay out the factual allegations supporting Count V. In paragraph 71, Velez alleges that Michael Lombardi of Con Edison advised Shri Attri of Attri Enterprises, Inc. on August 24, 2006 that Con Edison had paid Velez the full amount due for roofing work performed by Attri Enterprises and that Velez had "misappropriated" amounts Con Edison paid to Velez for

6

the work.  In paragraph 72, Velez alleges that on December 15, 2006, Frances Resheske of Con Edison told Karen Johnson, a representative of Congressman Edolphus Townes, that "Velez is at fault for the Project."  In paragraph 73, Velez alleges that Kevin Burke from Con Edison told Serafin Mariel of New York National Bank in or about January or February 2007 that "there were non-existent efforts on the part of Velez in connection with the Project."  Finally, in paragraph 74, Velez alleges that Carole Sobin of Con Edison told Armando Rodriguez of A&A Maintenance Enterprises, Inc., during a meeting on February 27, 2007, that Velez had defaulted on its obligations under the Con Edison contract and that "Con Edison had paid Velez funds, which Velez failed to pay to the appropriate contractors who performed work on the Project."  Paragraphs 72, 73, and 74 then end by stating that each of the statements made by Con Edison personnel were, "in sum and substance," statements that Velez had misappropriated funds given to Plaintiff by Defendant.

Con Edison asserts that these four paragraphs stretch the meanings of Con Edison's alleged statements to impute a particular defamatory meaning − that Velez had "misappropriated" funds from Con Edison.  The "sum and substance" allegations at the end of paragraphs 72, 73, and 74 are only included within the Amended Complaint to summarize facts stated elsewhere in each paragraph.  Rather than stating independent facts, the "sum and substance" allegations inject Velez's own interpretation of the plain meaning of these statements into the pleading.  As such, they are conclusory allegations that will be disregarded by the Court for purposes of this motion to dismiss.  *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (stating then in ruling on a motion to dismiss under Rule 12(b)(6), "consideration is limited to facts stated on the

7

face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.").

However, even without consideration of the sum and substance allegations, three of the four paragraphs contain sufficient facts for this Court to conclude that the allegations are reasonably susceptible to defamatory meaning, impugning Velez's professional integrity or credit worthiness. In paragraph 71, Velez alleges that Michael Lombardi of Con Edison indicated to Shri Attri of Attri Enterprises, a subcontractor on the project, that Velez misappropriated monies Con Edison paid to Velez for Attri's roofing work on the project. This statement not only accuses Velez of breaching a contractual obligation – not itself sufficient to state a claim for defamation *per se* – but furthermore tends to impugn Velez's professional integrity by indicating a failure to pay money to Attri that was specifically paid to Velez by Con Edison for work performed by Attri. In paragraph 73, Velez again describes more than a simple breach of contract when alleging that Con Edison representative Kevin Burke told Serafin Mariel of New York National Bank (Velez's lender) that Velez's efforts on the project were "non-existent." Rather than merely describing a default of Velez's contractual obligations, describing Velez's performance as "non-existent" can reasonably be susceptible to a meaning that Velez took money from Con Edison but failed to perform the work for which it was paid, again impugning Velez's professional integrity. Paragraph 74 alleges facts which are similar to the facts in paragraph 71. Here, Con Edison representative Carole Sobin allegedly told Armando Rodriguez of A&A Maintenance Enterprise, Inc. that Con Edison failed to pay contractors performing work on the project even after Con Edison paid Velez funds for this purpose. While the factual allegations of paragraph 74 do not

contain the word "misappropriated," they nevertheless are reasonably susceptible to this meaning by virtue of Con Edison's alleged assertion that it paid Velez for the work of subcontractors, and Velez nevertheless failed to pay the subcontractors. An important association between all three of these paragraphs is that they tend to describe not just a breach of contract, but a bad faith or potentially even criminal breach of a professional obligation. These statements could damage Velez's reputation for professional integrity. Therefore, the motion to dismiss is denied as to these allegations.

However, paragraph 72 of the Amended Complaint does not describe a bad faith or potentially criminal breach of a professional obligation. Here, Velez alleges that Karen Johnson, a representative of Congressman Edolphus Townes, was told by Frances Resheske of Con Edison that "Velez is at fault for the Project." This statement is not defamatory *per se*. Standing alone, the statement is not reasonably susceptible to a construction impugning Velez's integrity or credit worthiness. In the context of this construction project − long delayed with substantial cost overruns − a breach of contract by Velez, if there was one, could be explained by a myriad of causes. Absent extrinsic facts, the use of the word "fault" does not translate into an attack on Velez's integrity or credit worthiness. *Newsday*, 87 A.D.2d at 327 ("It is clear that they could not be slanderous per se in that a reference to extrinsic facts is needed even to understand the nature of the allegations."). While Velez attempts to save the paragraph by alleging that the statement was "in sum and substance" a statement of misappropriation, this cannot reasonably be inferred from the factual allegations. Accordingly, the Court dismisses Count V to the extent that it bases a claim on the allegations of paragraph 72.

This Court's August 14, 2007 decision granting in part and denying in part Con Edison's motion to dismiss the original complaint gave Velez a second chance to properly plead a defamation count based on the allegations now contained in paragraphs 71-74 of the Amended Complaint. The Amended Complaint amplified the defamation claim, adding details identifying who made the allegedly defamatory statements, to whom they were made, and when they were made. Count V of the Amended Complaint sufficiently pleads a claim for defamation *per se* with respect to the statements identified in paragraphs 71, 73 and 74. It fails, however, to plead a claim with respect to the statement identified in paragraph 72. Having once been given the opportunity to amend the defamation claim, the Court concludes that further leave to amend the allegations of paragraph 72 would be futile.

## CONCLUSION

For the foregoing reasons, Con Edison's motion to dismiss Count V of the Amended Complaint is denied as to the allegations in paragraphs 71, 73, and 74, and granted as to the allegations in paragraph 72. The parties are to contact chambers regarding future pleading dates.

**IT IS SO ORDERED.**

Dated: **January 4, 2008**

New York, New York

                                                                   /s/Martin Glenn
                                      THE HONORABLE MARTIN GLENN
                                      UNITED STATES BANKRUPTCY JUDGE